UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MARK ORAVETZ,

      Plaintiff,

  v.

LANE COUNTY OREGON

      Defendant.

Case No. 6:25-cv-00440-MTK

**OPINION AND ORDER**

**KASUBHAI,** United States District Judge:

      Self-represented Plaintiff Mark Orevetz brings this action against Defendant Lane County Oregon and moves to proceed *in forma pauperis* ("IFP"). ECF Nos. 1, 2. For the following reasons, Plaintiff's motion to proceed IFP (ECF No. 1) is DENIED. Additionally, Plaintiff's Complaint (ECF No. 2) is dismissed with leave to amend.

## BACKGROUND

      Plaintiff's statement of his claim reads in its entirety:

> Intagrity 6th Amendment 14th Amendment also being stalked door barley walk. US District Court. They would not allow me to pay. O income and major leg injury same legal services. Theme we cannot help you … theme after leaving being almost killed by vandalism to steriing stabilizer doing death wobble at 70mph. 6th amendment.. human rights.

Compl. 4. The sole defendant named in the Complaint is Lane County.

His request for relief states: "How put prise on integrity with being stalked associated with human rights." *Id*.

## DISCUSSION

### I.      IPF Application

"The right to proceed in forma pauperis is not an unqualified one; it is a privilege, rather than a right." *Jefferson v. United States*, 277 F.2d 723, 724 (9th Cir. 1960) (citations omitted). An application for IFP status is sufficient if "it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). "A plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness[,] and certainty.'" *Id*. at 1234.

Here, Plaintiff asserts in his IFP application that he has "70 bars of gold at 400oz each square bars … in Nevada State Treasury." ECF No. 1. Plaintiff further reports that he has $6.4 billion in a Federal Reserve of San Francisco C Class Government Account. *Id.* Based on Plaintiff's representations, the Court finds that he is able to pay the court costs and has not demonstrated poverty. Accordingly, Plaintiff's Application for Leave to Proceed *in forma pauperis* is denied.

### II.      Mandatory Screening

#### A.      Standard

Pursuant to 28 U.S.C. § 1915(e)(2), Congress has mandated that district courts screen IFP applications and dismiss any case that is frivolous or malicious or fails to state a claim upon which relief may be granted. In determining the sufficiency of a self-represented party's complaint, the court must be mindful to construe it liberally in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *see also Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551

U.S. 308, 322 (2007) (in assessing whether a complaint fails to plead a claim, the court must accept all factual allegations as true); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996) (allegations of material fact are taken as true and construed in the light most favorable to plaintiff).

In addition, a complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Rule 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." However,

> [w]hile a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of [their] "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level . . . .

*Bell Atl. Corp.*, 550 U.S. at 555 (citations altered). The Supreme Court has emphasized that, when assessing the sufficiency of any civil complaint, a court must distinguish factual contentions—which allege behavior on the part of the defendant that, if true, would satisfy one or more elements of the claim asserted—from "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft*, 556 U.S. at 678. In short, "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.*

### B.    Analysis

Liberally construing Plaintiff's Complaint, his allegations are most consistent with a 42 U.S.C. § 1983 ("Section 1983") claim based on his mention of the Sixth and Fourteenth Amendments. Section 1983 "is not itself a source of substantive rights, but merely provides a

method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotation marks omitted). To establish a violation of a federal constitutional right under Section 1983, a party must show "(1) that a right secured by the Constitution or the laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of State law." *Long v. Cnty. of L.A.*, 442 F.3d 1178, 1185 (9th Cir. 2006).

Section 1983 permits a cause of action for constitutional violations only against "person[s]." In certain circumstances, a municipality—such as Defendant Lane County here—may be held liable as a "person" under Section 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978). However, "a municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Id.* Liability only attaches where the municipality itself causes the constitutional violation through the "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." *Id.* at 694; *see also Gillette v. Delmore*, 979 F.2d 1342, 1347 (9th Cir. 1992) ("[i]f the mere exercise of discretion by an employee could give rise to a constitutional violation, the result would be indistinguishable from *respondeat superior* liability") (citing *City of St. Louis v. Praprotnik*, 485 U.S. 112, 126 (1988)).

Here, Plaintiff's factual allegations are vague and largely incoherent. The Court is unable to discern what facts underlie his allegations and what Defendant's alleged role in those violations is. In addition, Plaintiff fails to plead what relief he seeks, if any. As noted above, a complaint need not provide detailed factual allegations, but it must still contain enough for the Court to evaluate the facts upon which Plaintiff's claims for relief are based. Without such facts,

the Court cannot draw a reasonable inference that Plaintiff's constitutional rights were violated or that Defendant Lane County caused the violation by execution of policy or custom, as necessary to establish a Section 1983 claim against a municipality. Accordingly, Plaintiff's Complaint is dismissed for failure to state a claim.

## III.    Leave to Amend

Ordinarily self-represented litigants are given leave to amend. *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623-24 (9th Cir. 1988). But if it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment," leave to amend need not be given. *Id.* at 623. (internal quotation marks omitted).

Reviewing Plaintiff's Complaint, it is not clear that its deficiencies could not be cured by amendment. Plaintiff has leave to amend his Complaint within 30 days of the date of this order. Plaintiff is warned that a failure to file an amended complaint will result in dismissal of this action. The Court also reminds Plaintiff that, should he elect to file an amended complaint, he must reallege each of his claims, including the specific facts underlying each claim, and "may not incorporate by reference any part of [his] prior pleading." LR 15-1(a)(3).  Finally, in light of the Court's ruling on Plaintiff's IFP application, Plaintiff must pay the filing fee should he wish to amend his Complaint.

## CONCLUSION

Plaintiff's IFP petition, ECF No. 1, is DENIED. Plaintiff's Complaint, ECF No. 2, is DISMISSED with leave to amend within thirty (30) days of the date of this Order. Should Plaintiff file an amended complaint, Plaintiff must pay the related filing fee. Plaintiff is advised

/ / /

/ / /

/ / /

that failure to file an amended complaint within the allotted time will result in entry of a

judgment of dismissal without further notice.

DATED this 22nd day of April 2025.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States District Judge